IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUSORO MINING LIMITED,<br><br>                    Petitioner,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                    Respondent. | Civil Action No. 16-cv-2020 (RJL) |

## NOTICE OF WITHDRAWAL OF REQUEST FOR FOREIGN MAILING

Petitioner Rusoro Mining Limited, by and through its undersigned attorneys, hereby gives Notice of its request to withdraw (without prejudice) its earlier-filed Request for Foreign Mailing (Dkt. No. 7) in support of Petitioner's efforts to effect service of the Petition and related papers on Respondent Bolivarian Republic of Venezuela via diplomatic channels. As set forth below, Petitioner has now successfully served Respondent in accordance with the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(2) (1976), and the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), opened for signature Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Diplomatic service is therefore no longer required.

More particularly, Notice is hereby provided as to the following:

1.    On December 19, 2016, Petitioner's counsel initiated service under the Hague Convention by sending the Petition to Confirm Arbitral Award (Dkt. No. 1) and the Declaration of Elliot Friedman and exhibits thereto (Dkt. Nos. 1-1 through 1-7) together with translations

1

(collectively, the "Hague Service Documents") to the Respondent's designated Central Authority pursuant to the Hague Convention.  (Exh. A.)

2. On or around January 20, 2017, it is now known that the Venezuelan Directorate-General for Justice, Religious Institutions and Service (the "Venezuelan Directorate-General") transmitted the Hague Service Documents to the Venezuelan Courts of First Instance, requesting assistance with serving the Hague Service Documents.  (Exh. B.)

3. On February 14, 2017, the Ninth Venezuelan Court of First Instance (the "Venezuelan Court") issued an Order in which it confirmed receipt of the Hague Service Documents and agreed to annex them to a notification to Respondent via its Ministry of Foreign Affairs.  (Exh. C.)

4. On February 21, 2017, the Bailiff of the Venezuelan Court issued a Certificate confirming that the Hague Service Documents had been delivered to Venezuela's Ministry of Foreign Affairs on February 17, 2017.  (Exh. D.)

5. On March 2, 2017, the Venezuelan Court issued an Order explaining that, notwithstanding that the Hague Service Documents were "notified" to the to the Ministry of Foreign Affairs on February 17, under Venezuelan law, it is the responsibility of the Office of the Attorney General to represent the rights, assets, and interests of Respondent in judicial and extrajudicial proceedings.  The Venezuelan Court therefore ordered that the Office of the Attorney General be informed.  (Exh. E.)

6. On April 3, 2017, the Bailiff of the Venezuelan Court issued a Certificate confirming that the Hague Service Documents had been delivered to Venezuela's Office of the Attorney General on March 20, 2017.  (Exh. F.)

7. On April 5, 2017, the Venezuelan Court sent a communication to the Venezuelan Directorate-General informing that "the mission entrusted to [the Venezuelan Court] has been duly fulfilled." (Exh. G.)

8. On April 28, 2017, the Venezuelan Ministry of Foreign Affairs issued a Certificate confirming that the Hague Service Documents had been served in accordance with the Hague Convention on February 17, 2017. (Exh. H.)

9. On May 23, 2017, the Embassy of the Bolivarian Republic of Venezuela forwarded the results of Petitioner's request for service via the Hague Convention to the U.S. Department of Justice Civil Division, Office of International Judicial Assistance (the "U.S. Central Authority"). (Exh. I.) The U.S. Central Authority subsequently forwarded those results to Petitioner's counsel.

10. Between December 2016 and April 2017, Petitioner's counsel attempted on multiple occasions to confirm whether service had been effected pursuant to the Hague Convention. Those attempts were unsuccessful and, accordingly, on April 5, 2017, Petitioner filed with the Court an Affidavit Requesting Foreign Mailing in support of its efforts to serve Respondent via diplomatic channels in accordance with 28 U.S.C. § 1608(a)(4). (Dkt. No. 7.)

11. Having now received confirmation that Respondent was served on February 17, 2017, or March 20, 2017 at the latest (*i.e.*, the date on which the Hague Service Documents were delivered to Venezuela's Office of the Attorney General pursuant to the Venezuelan Court's March 2 Order), Petitioner respectfully gives Notice of intent to withdraw its Affidavit Requesting Foreign Mailing (Dkt. No. 7) because service via diplomatic channels is no longer necessary.

12. Petitioner gives this Notice without prejudice to Petitioner's right to renew its request for service via diplomatic channels in the event that Respondent seeks to challenge the validity or effectiveness of Petitioner's service of Respondent via the Hague Convention.

Dated: June 7, 2017
       New York, N.Y.

Respectfully submitted,

/s/ Elliot Friedman

Elliot Friedman (D.C. Bar No. NY0106)
Robert J. McCallum (*pro hac vice*)

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 230-4666
Facsimile: (646) 465-7466
elliot.friedman@freshfields.com

*Counsel for Rusoro Mining Limited*